HENRY TENNEY v. ELIZABETH W. RUSSELL and others.

A variance as to the name of the defendant between the petition and the note sued on, is immaterial, where the note is attached to the petition.

Where, in an action against the drawer and accommodation endorsers of a bill, there was judgment for plaintiff against the drawer for a part of the amount claimed, but against the plaintiff as to the endorsers, and he appealed from so much of the judgment as was in favor of the latter, without making the drawer a party to the appeal, held: that as the drawer is not a party, the amount of the judgment cannot be changed as to her, nor increased as to the endorsers, who must be viewed as her sureties, and cannot be made liable for a larger sum than the principal debtor.

APPEAL from the District Court of West Feliciana, Johnson, J.

MORPHY, J. This suit is brought on a note of hand, drawn by Elizabeth W. Russell, to the order of, and endorsed by J. B. Dawson and Peter B. McKelvey, payable at the Bank of Louisiana, at St. Francisville, and bearing ten per cent interest per annum from the 30th of March, 1839. The consideration for which the note was given is expressed on its face, and purports to be a stable erected by the plaintiff, on the lot of the drawer. The defendants, in a joint answer, admit their signatures to the note sued on, but expressly deny that they are bound to pay the same, because, as they

allege, the holder obtained it from the maker by false and fraudulent representations, it having been executed through error.   The answer pleads for the maker a want of consideration, and for the endorsers the want of legal notice of the nonpayment of the note by the maker.   It further alleges, that no consideration passed between the holder and the endorsers, who put their names on the note only for the accommodation of the maker; and that the work for which it was given was done in so bad and unskilful a manner, that a few weeks after the note was executed, the building began to fall to pieces, and is not worth any thing like the amount claimed for it.   The case was tried by a jury; who gave their verdict in favor of the endorsers, and against the drawer, Russell, for $855.   After an ineffectual attempt to have this verdict set aside, the plaintiff appealed.

As the defendant, E. W. Russell, has not been made a party to this appeal, the judgment of the court below is to be reviewed only as regards her co-defendants, Dawson, and McKelvey.   The verdict and judgment do not show, nor do we perceive, any legal ground on which the endorsers could have been exonerated.   The certificate of the justice of the peace, who, in the absence of the notaries of the town of St. Francisville, made the protest, is in legal form.   It proves that the notice of non-payment to P. B. McKelvey, was handed to him personally, at his residence in St. Francisville, on the day after the protest; and that, on the same day, a notice of the protest, addressed to J. B. Dawson, was put in the post office of St. Francisville, which is proved to be the nearest to his residence.   As to the erasure of the name of *T. Thompson*, in the signature of the drawer, over which that of *T. Russell* was written, it is sufficiently accounted for by the fact that the two names are proved to be in the same hand-writing, to wit, that of the defendant, E. W. Russell.   The *appellees, moreover,* have admitted their signatures as endorsers on this very note, and do not pretend that it has been altered since they endorsed it.   The judge correctly admitted the protest and certificate of notice, notwithstanding the variance between the signature of the drawer, as described in the petition, and that set forth in those instruments.   In the petition it is stated to be *Elizabeth T. Russell*, while in the protest and notice, it is set forth as being *Elizabeth W. Russell.*   The latter,

we understand to be the correct name, but the evidence shows, that from the manner in which the drawer writes the letter in the middle of her name, it is difficult to tell whether it is a *T.* or a *W.* The mistake in the petition was immaterial, as the note sued on was attached to it, and as the defendants had admitted their endorsement on it, they could not complain that the error was corrected in the notice given to them. In relation to the want, or failure of consideration, which is a means of defence common to all the defendants, we have examined the mass of evidence adduced in support of it, and have no reason to be dissatisfied with the finding of the jury. It is unnecessary to notice the plaintiff's bill of exceptions, to the opinion of the judge excluding testimony to prove that he made repairs to the dwelling house of the drawer, which likewise constituted a part of the consideration of the note, and to show that such consideration was sufficient for the note sued on. By failing to make Elizabeth Russell a party to this appeal, the plaintiff has waived or lost the benefit of it, as regards the appellees, who are to be viewed in the light of sureties of the drawer. If the amount of the judgment can no longer be changed so far as she is concerned, it cannot be increased so as to make the sureties liable for a larger sum than the principal debtor. Civ. Code, art. 3006.

It is therefore ordered that the judgment of the District Court be reversed, and that the plaintiff, Henry Tenney, do recover of the defendants, J. B. Dawson, and P. B. McKelvey, *in solido,* the sum of eight hundred and fifty five dollars, with interest thereon, at the rate of ten per cent per annum, from the 30th of March, 1839, until paid, and five dollars, costs of protest, with costs in both courts.

*Dalton,* for the plaintiff.

*Paterson,* for the appellees.