MATTHEWS & FINLEY *v.* THEIR CREDITORS and THE CREDITORS OF MATTHEWS, FINLEY & Co.—N. B. KEENE, Opponent.

Commissions allowed to a provisional syndic, and not opposed in the District Court, cannot be assigned as error in the Supreme Court.

Cases might arise in which a provisional syndic would not only be authorized, but required to institute suits, or defend them. The expense of counsel fees in such would be chargeable to the mass surrendered to the creditors.

The opposition to a voluntary surrender, under the 18th section of the Act, approved February 20th, 1817, must be made within ten days. The 10th section of the Act of 1840, which allows one year for proceedings under it, has no application to cases of voluntary surrender.

No opposition can be filed, under the 18th section of the Act of 1817, after the lapse of ten days, though the creditor did not know of the fraud complained of within that time.

The maxim *contra non valentem agere, non currit prescriptio* has been admitted in some instances, where a party was acting to recover or protect his property, but never in order to enable him to inflict a penalty on his adversary.

APPEAL from the Fifth District Court of New Orleans, *Augustin*, J. *Durant & Hornor*, for *Keene*. *Walker & Pierce*, for appellees.

MERRICK, C. J. This case is before us on an assignment of errors.

We will notice such of the assignments as we deem important for the correct decision of the cause.

I. The first assignment is "That the commission of one per cent. upon the assets, as stated in the schedule and in said account, is calculated on an entirely erroneous basis, and should be reduced from $2,197 10 to one per cent. on the appraised value of the goods and effects confided to the care of the provisional

syndic, as evidenced by his bond as such, and five per cent. on the rents and income, which he has recovered during his administration.

This assignment of error is made upon the account rendered by the *provisional* syndic. The appellant did not choose to oppose this account in the lower court, but suffered it to be homologated, and now he seeks to revise the same on an assignment of errors. It is clear that everything stated in the account which could have been established by testimony, if directly opposed in the lower court, must be held here on an assignment of errors as fully proved. Any other rule would enable a party to obtain an advantage by an assignment of errors, which he could not obtain by filing an opposition to the account in the lower court, and thereby giving the opposite party an opportunity of proving the correctness of the charges made by him.

Applying this rule to the case before us, we are obliged to assume the value of the assets in the hands of the provisional syndic was the full sum of $219,710 51. The appraised value cannot, therefore, be considered less than this sum. The statute allows the provisional syndic one per cent. on the appraised value, which is $2,197 10, the amount charged in the account. We discover no error in the judgment of the lower court in this particular.

II. We think cases might arise in which the provisional syndic would not only be authorized but required to institute suits or defend them. The expense of counsel fees in such cases would be chargeable to the mass surrendered to the creditors. There is nothing in the record to show that the fee of five hundred dollars allowed *Messrs. Walker & Pierce* was not such a charge.

III. The third error assigned which we consider it important to notice is that assigned in reference to the plea of prescription of ten days filed by the syndic to the application to remove him from his office, on account of having given fraudulent preferences previous to his surrender, and to have the syndic declared guilty of fraud, and condemned to the penalties in such case provided.

It is proper to remark, that the Act of 1855, pages 435, sec. 21, which has been passed since the institution of this suit, cannot have any influence upon it.

We find no difficulty, therefore, in construing the statutes in force at the time of the acts complained of, and at the institution of the suit.

The tenth section of the Act of March, 1840, applies to another class of persons, namely, those who had not made a surrender, or had not been proceeded against for a surrender under that Act, and the limitation is one year. This is not in any manner repugnant to the 18th section of the Act, approved February 20th, 1817, which requires, in cases where there has been made a voluntary surrender of property, that any creditor of the insolvent debtor, who should deem it necessary to oppose the surrender on the ground of fraud, or because the appointment has not been legally made, shall, within ten days following the appointment of syndic, lay before the court, which has cognizance of the case, his written opposition, stating the grounds of nullity of said appointment, or the fraud alleged against the insolvent debtor. The statute of 1840 provides for cases where there has been no surrender; the statute of 1817 provides for frauds where there has been a surrender. It would violate every rule of construction to apply a highly penal statute like that of 1840 to a case not embraced in it.

IV. But it is further contended that if the Act of 1817 governs this case, still, as the creditor did not discover the fraud until long after the ten days had expired, therefore he could not be required to do an impossible thing, to allege

a fraud of which he was ignorant, and that, therefore, prescription of ten days could not run against him, until he had discovered the fraud, according to the well known maxim "*contra non valentem agere non currit prescriptio.*

In the matter of the surrender, it is important that all opposition to the surrender should be made at once, and determined in order that the administration of the surrendered effects, and the consequent payment of the debts, should not be interrupted or delayed. Hence the prescription of ten days. The surrender itself notifies the creditor that the debtor is unable to pay the debt in the ordinary course of business. The creditor is, therefore, put upon his guard, and it is his duty to search for evidence of fraud, and make his charges within the time allowed by law. We do not think that the maxim cited applies to the case. The suspension of prescription has been admitted in some instances under this maxim, where a party was acting to recover or protect his property, but never, we believe, in order to inflict a penalty upon his adversary.

The utmost length to which our courts have gone is in the case of *Robinson* v. *His Creditors,* 1 Rob., 451, where a creditor was permitted to intervene and prosecute an opposition filed within ten days, which the opponent (who had been bought off,) had discontinued.

We discover, therefore, no error in the judgments of the lower court, from which the appeal has been allowed, and the same are affirmed, with costs.